## APPEAL OF ANDREW J. BROWN.

[GERM. L. INS. CO. v. ANDREW J. BROWN ET AL.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 13, 1889—Decided April 8, 1889.
[To be reported.]

(a) A New York insurance company issued a policy upon the life of a citizen of Pennsylvania, payable to the wife of the assured, for her sole use, but providing that in case of her death before the decease of the assured, the amount of the insurance should be payable to her children.

(b) The assured and his wife joined in an assignment of the policy,

and afterward the wife died, leaving the assured and seven children to survive her: on the death of the assured an interpleader was instituted to determine the right to the insurance money.

1. In such case, the death of the wife in the lifetime of her husband extinguished her interest in the policy; her assignment put her assignee in no better position than she occupied herself at the time, and the proceeds of the policy were payable to her children.

2. The foreign company having paid the fund in controversy into the court of the common domicil of the claimants, for adjudication, the question depended not upon whether the lex fori or the lex loci should prevail, but upon the construction of the policy itself under which the parties claimed.

Before PAXSON, C. J., CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 86 January Term 1889, Sup. Ct.; court below No. 4 June Term 1888, C. P. in Equity.

On June 6, 1887, the Germania Life Insurance Company filed a bill in equity against Andrew J. Brown, and Ellen Sabina Staats, Wilson A. Sandt, Owen F. Sandt, Lizzie Sandt, Emily Miller, Fannie Sandt, and Daniel Sandt, defendants.

The bill averred, formally, the following facts:

That the plaintiff company was incorporated under the laws of New York, and on September 30, 1865, issued a policy of insurance on the life of Daniel P. Sandt for $2,000, payable in case of his death to his wife Diana, and in case of her death before his, to her children; that on December 21, 1875, Daniel P. Sandt and Diana Sandt assigned said policy to Andrew J. Brown; that Diana Sandt died on February 19, 1884, leaving to survive her the persons named in the bill as defendants, other than Andrew J. Brown; that the sum due April 23, 1888, according to the terms of the policy was $2,000, with a dividend amounting to $136.12; that the plaintiff had received notice from the other defendants not to pay the said amount due to said Andrew J. Brown, and was threatened with suits at law by the said defendants to recover the money due on said policy; praying, therefore, to be permitted to pay the money into court and "that the said defendants be decreed to interplead together, and that it may be ascertained, in such manner as the court shall direct, to which of them the said money so held by your orators belongs and ought to be paid," etc.

Appearances having been entered for the several parties, separate answers were filed by the defendants. The answer of Andrew J. Brown averred, inter alia, that the policy of insurance had been assigned to him at Easton, Pa., on December 21, 1875, a copy thereof attached containing the paragraph set out in the opinion of the court below. The answer of the co-defendants averred that the assignment was ineffective as to them, and that they were entitled to the amount due on the policy.

An interpleader having been ordered, wherein Andrew J. Brown was made plaintiff in the issue, and the amount due on the policy having been paid into court, on October 1, 1888, after argument upon the bill and answers, the court, SCHUYLER, P. J., filed the opinion following:

On September 30, 1865, the plaintiff company issued to Diana Sandt a policy of insurance on the life of her husband, Daniel P. Sandt, for $2,000. The policy contained the following clause:

"And the said company do hereby promise and agree to and with the said Diana Sandt well and truly to pay or cause to be paid the said sum assured to the said Diana Sandt for her sole use, in conformity with the statute in such case made and provided, within sixty days after due notice and proof of death of Daniel P. Sandt; and in case of the death of said Diana Sandt before the decease of the said Daniel P. Sandt the amount of the said insurance shall be payable after her death to her children for their use, or to their guardian if under age."

The consideration of this undertaking on the part of the company was the payment by Diana Sandt of certain premiums, the last of which was to be paid on or before the 30th of June, 1875, and all of which were paid in accordance with the terms of the policy. On December 21, 1875, by writing under seal, in which her husband joined "to show his concurrence," Diana Sandt assigned the policy to Andrew J. Brown, one of the defendants in the present bill. Diana Sandt died in the year 1884, leaving to survive her seven chidren who are the other defendants in the bill. Daniel P. Sandt died the present year. The subject of controversy is the $2,000 insurance money mentioned above, and the rights of the respective claimants of this fund turn upon the question as to the validity of the assign-

ment of the policy by Diana Sandt to Andrew J. Brown. A subsidiary question is whether or not the policy of insurance is a NewYork or Pennsylvania contract.

In contracts for insurance the rule is that the place of acceptance of the proposals for insurance is the place of the contract: May on Insurance, § 66. The Germania Life Insurance Company is a corporation of the state of New York, having its home office in the city of New York. So far it appears this company has no branch office anywhere. It is not pretended that the company ever delegated its right to accept or reject proposals to any one. It follows, in the absence of any direct evidence one way or the other on the subject, that in the case at bar the proposals must have been accepted in the state of New York, which, as has been seen, makes the consequent policy a New York contract.

This much being established, and bearing in mind that the assignment in question was made December 21, 1875, what remains for decision is free from difficulty. In Frank v. Mutual Life Ins. Co., 3 Cent. R. 414, it was expressly decided by the New York Court of Appeals, that an assignment made in 1869 by the wife, of a policy of insurance held by her upon the life of her husband, was absolutely void. In delivering the opinion of the court in that case, RAPALLO, J., says: "In 1873 the doctrine of those cases," referring to many previous decisions to the same effect as the principal case, "was recognized by the legislature by conferring upon married women the power to assign their policies, when they had no children, on complying with certain formalities: Laws of 1873, chap. 341; and in 1879 full power to assign was conferred upon them without those conditions, provided the husband consented to the assignment: Laws of 1879, chap. 248." We make this citation for the purpose of pointing out the difference between Frank v. Mutual Life Ins. Co. of N. Y., 55 Am. Rep. 809, and the case of Anderson v. Goldsmidt, 5 Cent. R. 787, so much relied on by the learned counsel for Mr. Brown. In the latter case the assignment was made after the act of 1879, and was sustained for that reason. In the former case, as in the case at bar, the assignment was made before the act of 1878, and it was declared void for that reason. For the same reason the present assignment must be declared void.

And now, October 1, 1888, it is ordered that the fund in controversy be paid to the children of Diana Sandt, to wit: Ellen S. Staats, Wilson A. Sandt, Owen F. Sandt, Lizzie Sandt, Emily Miller, Fannie Sandt, and Daniel Sandt, the shares of Fannie and Daniel Sandt, to be paid to their guardian, less the cost of this proceeding, which it is ordered shall be paid out of the fund.

The final decree having been entered, Andrew J. Brown took this appeal, assigning for error the awarding of the fund in controversy to the children of Diana Sandt.

*Mr. Edward J. Fox* (with him *Mr. Elisha Allis* and *Mr. Edward J. Fox, Jr.*), for the appellant:

1. The court below decided the case upon the bill and answers filed. The averments of fact made by Brown in his answer, when not in conflict with the plaintiff's bill and not denied by the answer of the Sandt children, were therefore to be taken as verity; and it was averred as a fact in Brown's answer that the policy of insurance was taken by Daniel Sandt at Easton, Pa., and then and there received by and delivered to him. There was no contract relation until the acceptance of the policy by the assured from the Easton agent: Real Estate etc. Ins. Co. v. Roessle, 1 Gray 136; Hamilton v. Insurance Co., 5 Pa. 342; Myers v. Insurance Co., 27 Pa. 271; 2 Pars. on Cont. 327; Freese v. Brownwell, 6 Vt. 285; Campbell v. Nicholas, 4 Vt. 81; Jewell v. Wright, 30 N. Y. 259 (86 Am. Dec. 372); Bell v. Packard, 69 Me. 105; Hyde v. Goodwood, 31 N. Y. 266; Daniels v. Insurance Co., 12 Cush. 16; Hubner v. Insurance Co., 10 Gray 131; Kennebec Co. v. Insurance Co., 6 Gray 208. Wherefore, the contract is governed and must be construed by the laws of Pennsylvania.

2. Under the laws of Pennsylvania, a married woman's assignment of a policy of life insurance is valid: Bond v. Bunting, 78 Pa. 219; Lytle's App., 36 Pa. 131; Stoops v. Blackford, 27 Pa. 213; Moore v. Cornell, 68 Pa. 320; act of March 14, 1873, P. L. 46. The interest which the Sandt children had in the policy when it was assigned was contingent upon the happening of a future uncertain event, to wit: that Mrs. Sandt might die before her husband. By its terms, the policy matured June 30, 1875,

when the last instalment of premium was payable. This premium was paid when due, and in December following, Mrs. Sandt and her husband made the assignment. She then had the absolute interest, was the owner of the policy, could have surrendered it or sold it to the company and, therefore, could make a valid assignment of it: Anderson v. Goldsmidt, 103 N. Y. 617; s. c. 38 Hun 360; s. c. 5 Cent. R. 789.

*Mr. F. Green*, for the appellees:

1. The only material evidence in the case is the policy and the assignment. That the policy is a New York contract is manifest from a reading of it. It was executed and delivered in New York city, where the principal office is situate, by the president and secretary of the company. Insurance policies are ordinarily governed by the law of the principal place of business of the company: 2 Whart. on Cont. § 875; Whart. on Conf. of Laws, §§ 465, 466; May on Insurance, § 66; Taylor v. Insurance Co., 9 How. 390; Cooper v. Insurance Co., 7 Nev. 116; Friend v. Insurance Co., 47 Barb. 127; Eadie v. Slimmon, 26 N. Y. 9 (82 Amer. Dec. 395).

2. Brown was not entitled to recover on his assignment, for the reason that Diana Sandt died before her husband, and by its very terms the policy was then payable to her children. At the time of the assignment, her interest was contingent, and was liable to be defeated by a subsequent event, her death before her husband. Her interest was merely the right to recover after the death of her husband. Her assignment could not transfer more than that right. Her death before her husband terminated whatever right she had, and also that of her assignee: Knickerbocker Life Ins. Co. v. Weitz, 99 Mass. 159; May on Insurance, 473–7; Continental Life Ins. Co. v. Palmer, 42 Conn. 60 (19 Am. Rep. 530).

OPINION, MR. JUSTICE WILLIAMS:

This case presents but a single question. In 1865 the Germania Life Insurance Company, a New York corporation, issued a policy of insurance upon the life of Daniel P. Sandt, a citizen of Pennsylvania, for two thousand dollars. It was made payable to Diana Sandt, the wife of the insured, for her sole use, with a provision that "in case of the death of the said

Diana Sandt before the decease of the said Daniel P. Sandt, the amount of the said insurance shall be payable after her death to her children for their use, or to their guardian if under age." In 1875 both husband and wife joined in an assignment of the policy to A. J. Brown, the appellant. In 1884 Diana Sandt died leaving her husband and seven children to survive her. In 1888 Daniel P. Sandt, the insured, died. The assignee of the policy and the children of Mrs. Sandt made claim to the amount of the policy, and the company properly asked the Court of Common Pleas of Northampton county, where all the claimants lived, for leave to pay the money into court, and that the claimants interplead with each other. If the assignment of Mrs. Sandt was effectual to vest in her assignee a good title to the policy, then he was entitled to the fund.

The assignment is formal and her husband joined her in its execution. Whatever title she had therefore passed to her assignee. The extent and character of her title appeared plainly on the face of the policy. She was the payee named in the first instance, but the promise to her was not an absolute and unconditional promise to pay to her, or to her administrators, executors or assigns, but a promise to pay her upon condition that she was living when the policy should fall due.

If she survived her husband the insurance money was payable to her, but if she did not, it was payable to her children then living. Their right to the money depended upon the terms of the contract, which was payable to them if she was not living at the death of the insured. They were parties to the contract, as truly as she was, and with as clear a right to sue upon it, upon the happening of the contingency that made them the payees, as she could have had if living. Her assignment put her assignee in no better position than she occupied, and conferred upon him no greater interest in the policy. Her death in the lifetime of her husband extinguished her interest in the policy, and it can no more survive in the hands of her assignee than in her administrator. The condition on which her right to recover was to end, and that of her children was to arise has happened, and the contract of the insurance company is now with the children, and must be enforced by them for their benefit.

It seems to have been thought that an important question about whether the lex fori or the lex loci ought to prevail, was involved in this case, but that is a mistake. The insurance company came into this state, and paid the money into court for the benefit of the party entitled to it. The present contest is between residents of this commonwealth, over a fund in the possession of the court of the common domicil, and depends upon the construction of the contract under which both parties claim.

The judgment is affirmed.