## Entwistle *v.* Travelers' Insurance Company.

*Insurance—Life Insurance—" Holder "—Beneficiaries.*

A policy of life insurance provided that the proceeds of the policy should be paid to the wife if she survived her husband, or in the event of her prior death to the children, but if the insured survived wife and children then to his legal representatives "the balance of the year's premiums . . . . and any other indebtedness to this company either on the part of the insured or assured, being first deducted therefrom." Another clause was as follows: " This policy may be converted into cash at the option of the holder at any time after the expiration of fifteen years from the date hereof, for the amount indorsed on the back of this policy, corresponding to the age of the insured at the time of such conversion, provided that the policy shall have been first paid up by the payment of ten full annual premiums." After ten full annual payments had been made and when children were living the husband and wife joined in an assignment of the policy, and the assignee demanded the cash balance on the ground that he was the " holder " of the policy. His demand was refused on the ground that the children had an interest. *Held*, (1) that when the policy matured by the exercise of the option after fifteen years the wife was the " holder " of the policy ; (2) that the wife had the right to assign the policy ; and upon her doing so the assignee became the " holder ; " and (3) that the general indebtedness of the insured to the company could not be set off against the assignee's demand for the cash value of the policy

Argued Nov. 20, 1900. Appeal, No. 49, Oct. T., 1900, by plaintiff, from judgment of C. P. Chester Co., on verdict for defendant, in case of Joseph L. Entwistle, Assignee, v. The Travelers Insurance Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a policy of life insurance.   Before BUTLER, J.
The facts are stated in the opinion of the Superior Court.
The court gave binding instructions for defendant.
Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for de-
fendant.

*J. Frank Hause*, with him *H. P. Waitneight*, for appellant.—
The policy in suit contains a clear provision by which the
vested interest of the beneficiaries are subject to be divested by
action on the part of the "holder" at the end of the fifteen
year period.   That such interest may be divested is well set-
tled and depends upon whether the contract of insurance so
provides: 2 May on Insurance (3d ed.), sec. 399 L; Dusen-
berry v. Mutual Life Ins. Co., 188 Pa. 454.

A "holder" is one who "has possession of anything, one
who possesses by virtue of a lawful title:" Anderson's Law
Dict. "Holder;" New York Life Ins. Co. v. Ireland, 17 S. W.
Repr. 617.

An ambiguous or obscure policy of insurance is to be con-
strued most strongly against the insurer: Metropolitan Ins. Co.
v. Drach, 101 Pa. 278; Bole, Assignee, v. New Hampshire Fire
Ins. Co., 159 Pa. 53; McKeesport Machine Co. v. Ben. Franklin
Ins. Co., 173 Pa. 53.

The provision of the policy relative to indebtedness refers
to indebtedness arising in connection with the policy, such as
unpaid premiums, loans and the like: Elliott's Executor's Ap-
peal, 50 Pa. 75.

*H. H. Gilkyson*, for appellee.—The construction placed upon
the policy in suit by the court below is sustained by the deci-
sion of all the higher courts in the United States, except, per-
haps, in Wisconsin and Iowa: Brown's App., 125 Pa. 303.

The prevailing rule on this subject is that the rights and in-
terest of the beneficiaries cannot be divested without their con-
sent by any act of the insured or the insurer: Washington Cent-
ral Bank v. Hume, 128 U. S. 195; Brown's Appeal, 125 Pa. 303;
Miles v. Conn. Mut. Life Ins. Co., 147 U. S. 177; Stillwell v.
Conn. Mut. Life Ins. Co. 72 N. Y. 285; Garner v. German Life

Ins. Co., 110 N. Y. 266; Ferdon v. Canfield, 104 N. Y. 144; Whitehead v. N. Y. Life Ins. Co., 102 N. Y. 143; Swan v. Snow, 11 Allen (Mass.), 224; Knickerbocker Life Ins. Co. v. Weitz, 99 Mass. 157; Pingrey v. National Life Ins. Co., 144 Mass. 374; Chapin v. Fellowes, 36 Conn. 132; N. Y. Life Ins. Co. v. Ireland, 14 L. R. A. 278; Lemon v. Phœnix Insurance Co., 38 Conn. 294: Glanz v. Gloeckler, 10 Ill. Appellate Ct. 485; affirmed in 104 Ill. 573; Van Bibber v. Van Bibber, 82 Ky. 347; Harley v. Heist, 86 Ind. 196; Holland v. Taylor, 111 Ind. 121; Fowler v. Butterly, 44 N. Y. Super. Ct. 148; Clark v. Dawson, 195 Pa. 137.

By the term "holder" is meant any one who is entitled to the right and benefits which may accrue under the policy of insurance: Swan v. Whaley, 35 N. W. Repr. 440; Chapin v. Fellowes, 36 Conn. 132.

The defendant company is entitled to deduct from the amount due on said policy the indebtedness of Samuel D. Hunter to the company: Elliott's Executor's App., 50 Pa. 75; Livermore v. Newburyport Marine Ins. Co., 2 Mass. 232; Dodge v. Union Marine Ins. Co., 17 Mass. 470; Cleveland v. Clap, 5 Mass. 201.

OPINION BY WILLIAM W. PORTER, J., May 23, 1901:

The decision of this case involves the construction of an unusual form of life insurance policy. It provides that the defendant " does hereby insure the life of Samuel D. Hunter, hereinafter called the insured, . . . . in the sum of $3,000, for the term of his natural life, from and after the date hereof, the said sum insured to be paid at the office of the company in Hartford, Conn., to Mrs. Harriett E. Hunter, wife; or, in the event of her prior death, to the children of said insured, said payees being hereinafter called the assured; but if the said insured shall survive the said assured, then said sum shall be paid to the legal representatives of the said insured within ninety days after due notice and proof, as hereinafter required; that the death of said Samuel D. Hunter has taken place during the continuance of this policy. . . . the balance of the year's premium, if any, when not already paid at the beginning of the year, and any other indebtedness to this company, either on the part of the insured or assured, being first deducted therefrom." The interests of the assured are clearly indicated

by the terms of the policy.    Thus the wife is first entitled
provided she survives her husband.    The children are entitled
provided they survive their mother.    The legal representatives
of the insured take in case the wife and children fail to survive
the insured.    This befalls if the policy becomes payable by the
death of the insured.    There is, however, another clause in
the policy, as follows : " Sixth. That this policy may be con-
verted into cash at the option of the holder at any time after
the expiration of fifteen years from the date hereof, for the
amount indorsed on the back of this policy corresponding to
the age (nearest birthday) of the insured at the time of such
conversion, provided that this policy shall have been first paid
up by the payment of ten full annual premiums, as herein stip-
ulated."    The plaintiff holds an assignment of the policy, exe-
cuted by the insured and his wife.    He claims to recover the
cash provided to be paid by the sixth clause above quoted.    The
fifteen years have expired.    Ten full annual premiums have been
paid.    The wife is still living, as is the insured.    Four children
of the insured are living ; two of them of age, two of them
minors.    The insurance company declines to pay the cash to
the assignee of the wife on the ground that the children have
an interest in the policy, and have not joined in the assignment.
The plaintiff contends that under the second clause quoted the
wife is " the holder " of the policy, and that by assignment he
has acquired her rights.    The latter proposition is no doubt
correct, but the question remains whether the wife is " the
holder " of the policy within the contemplation of the clause
quoted.

It is said that this clause is but a part of a printed form, and
that in its construction this fact must be regarded.    It, how-
ever, is an express provision of the contract of insurance, and
must be given some effect.    Its meaning is clear to the extent
of providing for maturity of the policy (at the option of the
holder) anterior to maturity by death.    It is a right exercisable
after a given time to require a payment of a specific sum in
cash by the insurance company in discharge of the contract of
insurance.    If the interests of the children, born and to be born,
are so vested as to require their joinder in the exercise of the
option given, it prevents the exercise of the right created, since
possibility of children continues so long as the insured lives.

It is particularly to be observed that the right is not given in terms to the "assured" or "payees" which might include all of those included by the terms of the policy in that class. The person having the right to demand the cash is described as the "holder." This does not mean the person having merely the physical possession of the policy. It must mean one having rights under its provisions, that is, one of the several persons included in the class called the "assured," or persons claiming under them. But not all of the class called the "assured;" otherwise there would be no reason for the use of the word "holder" instead of the word "assured" or the word "payee." But who of the assured is intended by the word "holder?" We believe that it is the person who would take had the policy matured by the death of the insured. In such event, the wife (who still survives her children and her husband) would take the proceeds of the policy to the exclusion of the children and of the legal representatives of the husband. She is the primary beneficiary, and continues such until her death before the insured. She takes on maturity by death of the insured, and she is the "holder" on maturity by operation of the sixth clause of the contract. This explains the use of the word "holder," the new term of description, and makes the clause operative. It effectuates the intent to benefit the primary beneficiary. True, it is a divestiture of the interests of the children, but only by virtue of the terms of the contract by which the interests were created and made subject to such divestiture, and in the same manner as their interests may be divested by the survival of the insured by their mother or their death during the life of their father. It has been suggested that "the holder" of the policy at the time of exercising the option to require payment of cash, as provided by the sixth clause, is the wife, together with such children as may then be living. The position is palpably untenable, first, because the wife and she alone, is the primary beneficiary, the children taking only in the event of her death. Second, because the children are designated as a class which must remain open until the death of the insured or at least until the death of the wife. There is nowhere in the policy a suggestion of intention that children of the insured, living at a certain time, shall have a peculiar advantage.

It is also contended by the defendant that the insured is indebted to the defendant in a sum largely in excess of the cash value of the policy, and that this indebtedness, under the final clause of the first paragraph above quoted, may be set off against the demand made by the plaintiff in this case. It is to be observed that this indebtedness is general, and does not arise out of, nor has it any connection with, the policy upon which this suit is brought. Furthermore, the provision reserving the right to deduct indebtedness is contained only in the clause providing for payment on maturity of the policy by death, and affects the funds payable on such maturity. It is not embodied in the clause providing for maturity at the expiration of fifteen years, wherein a specific payment of cash is contracted to be made if the time has run and if ten full annual premiums have been paid. We think that the right to deduct indebtedness from such a payment is not reserved by the policy, and if the matter be doubtful, the rule that ambiguous provisions in policies of insurance are to be construed most strongly against the company, will resolve the doubt in favor of the assured.

We are of opinion that the assignments of error must be sustained, and judgment is now entered for the plaintiff in the sum of $1,065, with interest from July 24, 1899.

BEAVER, J., dissenting:

I would affirm the judgment of the court below. It is conceded as it must be under the authority of Brown's Appeal, 125 Pa. 303, that the interest of the children in the policy became vested at the time it issued. "Their right to the money depended upon the terms of the contract which was payable to them if she (the wife) was not living at the death of the insured. They were parties to the contract as truly as she was, and with as clear a right to sue upon it upon the happening of the contingency that made them the payees as she could have had if living." Such a vested right to the sum of $3,000, the amount of the policy, is to be taken away by the payment of $1,065 to some person designated in the policy as "the holder." It is assumed that this person is of the assured rather than the insured, but why? There is as much reason for supposing that the insured, who paid the ten annual premiums, had this clause relating to the holder inserted for his own benefit as for that of any one of

the assured. But if the assured be referred to, why the wife rather than the children? She paid none of the money. Her equities are no greater and her rights not one whit more securely vested than those of the children. If the rights of the latter are to be divested it should be by such clear and unequivocal stipulations in the policy as admit of no doubt or uncertainty.

If called upon to designate " the holder " referred to in the sixth condition of the policy, I would say that he is one and only one who has acquired all the rights which became vested at the time of the issuing of the policy, and which can be divested only by the acts of the parties holding them in the absence of anything clearly expressed in the policy to the contrary. The present case affords a good illustration of the evil consequences to which any other conclusion inevitably leads.

President Judge RICE joins in this dissent and the reasons therefor.