# Sommer *v.* New England Mutual Life Insurance Company, Appellant.

*Insurance—Life insurance—Assignment of policy—Creditor.*

A person insured by a mutual life policy assigned to another all his " right, title and interest " in the policy " as collateral security, for the amount of his demand subsisting against me at my decease, as creditor, surplus, if any, for the benefit of. my estate." The insurance company paid to the insured certain moneys representing increments or earnings accruing from time to time. *Held*, that the insured and not the assignee of the policy was entitled to such moneys, and that the assignee could not compel the insurance company to pay them a second time to himself.

Argued Oct. 8, 1902. Appeal, No. 7, Oct. T., 1902, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1900, No. 306, on case stated in suit of Jacob H. Sommer to use of Benjamin F. Teller, Executor of the Estate of Andrew Sommer, Deceased, v. New England Mutual Life Insurance Company. Before RICE, P. J., BEAVER, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Case stated to determine the ownership of certain moneys which had accrued under a life insurance policy. Before WILLSON, J.

The terms of the case stated sufficiently appear in the opinion of the Superior Court.

*Error assigned* was entry of judgment for plaintiff on the case stated.

*Henry N. Paul, Jr.*, for appellant.—The bare assignment of a life insurance policy does not carry with it intermediate dividends or distributions, but is an assignment only of the fund to be realized at the death of the insured, on account of the nonassignable and personal nature of the contract of life insurance : Ins. Co. of Penna. v. Phœnix Ins. Co., 71 Pa. 31.

This is especially true of policies issued by mutual companies, because of the additional obligations incurred by virtue of the contract of membership in a mutual life insurance company, and is doubly true in this case, where by its charter the defend-

ant company could only declare dividends payable to its members, and where membership is in its very nature nonassignable : Merrifield v. Baker, 91 Mass. 29.

The assignment in this case was not a general assignment, but was specifically limited as collateral only for such indebtedness as might exist at the time of the insured's decease. This made it a conditional assignment, which cannot take effect until the resolution of the condition.

*George P. Rich*, of *Rich & Boyer*, for appellee.—The effect of an assignment of a policy, with the consent of the insurer, is to place the assignee in the same condition and position with respect to all rights and liabilities under it that the insured occupied before the transfer. It amounts only to a substitution for the insured of the assignee as a party to the policy. It is the same as a reissue of the policy to another party upon precisely the same terms and conditions as in the original : 1 Bacon on Benefit Societies & Life Ins. sec. 299 ; Ins. Co. of Penna. v. Phœnix Ins. Co., 71 Pa. 31 ; Hendricks v. Reeves, 2 Pa. Superior Ct. 545.

OPINION BY WILLIAM W. PORTER, J., December 13, 1902 : Jacob H. Sommer signed a paper in this form :

" THE NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY.

" PHILADELPHIA, January 21, 1878.

" For value received, I hereby assign all my right, title and interest in policy No. 59934, issued by the New England Mutual Life Insurance Company, of Boston, Mass., to Andrew Sommer as collateral security, for the amount of his demands subsisting against me at my decease, as creditor, surplus, if any, for the benefit of my estate.

" JACOB H. SOMMER."

The company indorsed on the assignment this : " Assented to, to take effect subject to the rights of all parties interested." Andrew Sommer is dead.. This suit is brought by the executor of his will against the insurance company to compel payment of certain surplus funds already paid by the company to Jacob H. Sommer who is still living. The question is : Were the payments rightly made to Sommer (the insured) or did the right to

them pass to Sommer (the assignee of the policy) under the assignment above quoted? It does not appear that the payments in any way impaired or detracted from the face value of the policy. They represented increment or earnings accruing from time to time. The court below seems finally to have reached the conclusion that the payments were wrongfully made to the insured. The opinion filed seems to be wholly grounded upon the assumption or assertion that the first clause of the assignment carried all property rights in the policy which might arise, to the assignee. This construction cannot be sustained. The assignment is not absolute. The policy is to be held as "collateral security." It is not collateral to any existing debt of the insured. It is not collateral so long as he lives, to any indebtedness he may in future create. The right of the assignee is to hold the policy until the death of the insured. Then, if the insured shall die in debt to the assignee, the latter may assert the right to deal with the policy as a security for the "amount of his demands then subsisting." He may then first deal with the policy or its proceeds as a collateral to, or as taken in discharge of, the debt (if any) which shall exist at the death of the insured. While the insured lives no other right passes to the assignee than to hold the policy to cover a debt which may or may not ever be created. The existence of a debt during the life of the insured did not have the effect of making the policy a collateral for such debt. It requires the happening of two conditions to vest in the assignee a right to deal with the policy beyond its mere retention. First, the death of the insured; second, a subsisting debt by the insured to the assignee, at the decease of the insured. If this be the extent of the assignee's right, none can exist in him to demand the increment or earnings of the policy, accruing while the insured still lives and while the fact that he will die in debt is unascertainable. To permit the assignee to take the money would be to approve his application of it either to his own use or to a debt (living the insured) which the policy was not assigned to secure or to permit him to presently take it for possible future application to a debt which may never exist within the terms of the assignment.

Judgment is reversed and judgment, under the terms of the case stated, is now entered for the defendant.