JOHN E. MCKELVY AND J. MERRILL WRIGHT, EXECUTORS OF ESTATE OF ELLA K. MCKELVY, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73320. Promulgated January 31, 1935.

*J. M. Wright, Esq.,* and *J. S. Carson, Esq.,* for the petitioners.
*J. R. Johnston, Esq.,* for the respondent.

1208

OPINION.

STERNHAGEN: 1. The petitioners assail the inclusion in gross estate of $64,266.62, the commuted value of the amount receivable under three policies of insurance, of which decedent's three sons were irrevocably the respective beneficiaries. The respondent's determination rests upon the view that decedent had until death a power to surrender and cancel the policies and to pledge them as collateral for loans. *Chase National Bank* v. *United States*, 278 U. S. 327, clearly supports the inclusion if the assumed powers of the decedent existed. See also *Sampson* v. *United States*, 1 Fed. Supp. 95, and *Edith Huggard Sharp et al., Executors*, 30 B. T. A. 532. In each policy, by a provision called " Options on Surrender or Lapse ", it is provided that the " owner " may after three years' premiums have been paid surrender the policy for cash or convert it into a different form of insurance, and by a provision called " Loans " it is

provided that the " owner " may borrow an amount not greater than the policy's cash surrender value upon proper assignment. The present controversy turns upon the meaning of the word " owner ", petitioner contending that it means only the beneficiary and respondent that it means the insured.

In support of their position petitioners cite *Entwistle* v. *Travellers' Insurance Co.*, 202 Pa. 141; 51 Atl. 759; *Appeal of Brown*, 125 Pa. St. 303; 17 Atl. 419; *Smith* v. *Metropolitan Life Insurance Co.*, 34 Pa. Sup. Ct. 72; and *Jones* v. *Jones*, 23 Pa. Co. Ct. 254, in all of which it was held that the insured was without right to receive or direct the disposition of the proceeds, when payable, of policies under which the insured had no right to change the beneficiary. This was on the ground that the beneficiary had a vested interest in the proceeds. The recognition, however, of such a vested interest falls short of establishing that the beneficiary is for that reason the " owner " of the policy, a proposition essentially different and requiring no consideration in the cases thus cited. The district court in *Sampson* v. *United States, supra*, found no inconsistency in the insured's lack of right to change the beneficiary and the recognition of his right to borrow on the policy. In *Schuberth* v. *Prudential Insurance Co.*, 86 Pa. Sup. Ct. 80, the court recognized that where the policy expressly provided that the insured could borrow, such a right was not in conflict with a vested interest in the beneficiary. In the policies now before us the provision which denies to the beneficiary " the right either to assign or to commute income payments unless such right was given to such beneficiary by the insured " clearly indicates that it is the insured and not the beneficiary who as " owner " may surrender and borrow. Had the beneficiary such right prior to the insured's death he would thus be enabled to defeat the very purpose of his own protection which may be regarded as underlying the existence of the policy.

The right to surrender and to borrow on the policies we hold to be a substantial one, which rested with decedent until her death and is sufficient to bring the commuted value of the amount receivable by the beneficiaries within the decedent's gross estate as the respondent has determined.

2. Among policies of life insurance payable to beneficiaries other than the executors of the estate aggregating $255,608.42 was one for $30,000 payable to charitable corporations. This amount petitioners deducted in full, regarding it as unaffected by the $40,000 limitation of section 302 (g), Revenue Act of 1926. The respondent first included the amount of this policy within the total to be affected by the $40,000 limitation, thus reducing the amount includible as insurance to $215,608.42. Petitioners claim that notwith-

standing this the estate is entitled to the full deduction of $30,000 as a charitable bequest, and this the respondent has denied by reducing such amount to 21560842/25560842 of $30,000. Charitable bequests are deductible by virtue of section 303 (a) (3), which limits such deduction to " the value of the transferred property required to be included in the gross estate." It can not be said, in view of the $40,000 insurance exemption, that all this policy, any more than any other policy, was included in the gross estate. The principle by which the respondent's determination is supported has already been discussed in another but analogous situation, *Louise A. Gardner, Co-executor*, 22 B. T. A. 1076, wherein the apportionment method has been approved. The determination is sustained.

*Judgment will be entered for the respondent.*