## Lemley *v.* McClure, Appellant.

Argued April 17, 1936.

Before Keller,
P. J., Cunningham, Baldrige, Stadtfeld, Parker,
James and Rhodes, JJ.

*Thomas Leggate,* with him *Alexander L. McNaugher,*
for appellant.

*Charles H. McKibben,* of *Powell & McKibben,* for
appellee.

Opinion by Baldrige, J., July 10, 1936:

These two appeals, which were argued together and
will be disposed of in one opinion, arose out of a dis-
pute over the application of the proceeds of two as-
signed life insurance policies issued to Ernest H. Lem-
ley, each in the sum of $1,000, naming Estelle D. Lem-
ley, the insured's wife, as beneficiary.

The insured became in arrears in his rent to R. E.
McClure, his landlord. On May 2, 1929, he and his wife,
assigned all their "right, title, claim, interest and bene-
fit" in policy No. 27487 to McClure, "as his interest may
appear." On December 12, 1930, the debt in the mean-
time increasing, the insured, alone, in the same lan-

guage, assigned his interest in policy No. 12645 to McClure. The company acknowledged the assignments, and made notation on each policy that it did not assume any responsibility for the validity of the assignment.

The insured continued to occupy the leased premises until his death on June 28, 1934. In the interim, the rent had not been paid and McClure was compelled, in order to keep the two policies alive, to pay a certain portion of the annual premiums thereon; so that at the death of Lemley there was due McClure $2,318.50 for rent in arrears and $519.17 for premiums advanced and for payment of a loan on policy No. 27487, or a total indebtedness of $2,837.67, upon which has since been paid $695, less $14.31 costs.

Leave was granted the insurance company, upon a petition averring that the assignee and the beneficiary each claimed the proceeds of the two policies, to pay the moneys into court. Upon an agreement between the parties, issues were framed, wherein Estelle D. Lemley was named plaintiff and R. E. McClure, defendant, to determine ownership of the funds.

The beneficiary denied that the assignee had paid any portion of the premiums to the insurance company, or that there was due him, under policy No. 27487, any amount except the rent due on the date of the assignment, to wit, $695; that as she did not join in the assignment of policy No. 12645, the assignee was not entitled to any part of the proceeds thereof.

The learned court below, adopting the contention of the beneficiary that the assignment of policy No. 27487 secured only rent due on the date of the assignment, ordered judgment in that action to be entered in her favor and against the assignee, in the sum of $314.04. McClure took an appeal, which is filed in this court to No. 44, April Term, 1936.

In the suit on policy No. 12645, judgment was di-

rected by the lower court to be entered in favor of the beneficiary and against the assignee, the "claimant to be reimbursed for premiums by him advanced in such sums as shall by a jury be found to be due him, unless the parties by stipulation filed agree thereon." An appeal by the assignee followed and is filed in this court to No. 59, April Term, 1936.

The correctness of the court's conclusion on policy No. 27487, which we will consider first, although our discussion will have a bearing on policy No. 12645, depends chiefly upon the construction to be given the broad and embracive words "as his interest may appear." Our primary and most important task is to ascertain, if possible, the intention of the parties. Did they contemplate the assignment should cover the indebtedness as of the date of the assignment or when the policy was payable? It is significant that at the time of the assignments the parties doubtless knew that as the insured and his wife were continuing in possession of the property there would be subsequent rent accruing. It is true, as the court below points out, that the writing did not expressly state that it covered future rent. On the other hand, it did not say it was to secure an existing indebtedness only, the amount of which was definitely known at that time by the parties. This would indicate that it was not their intention to secure the amount then owing, but rather the uncertain amount that would be due when the policy was payable. They, no doubt, realized that that amount would be subject to change—increased, decreased, or entirely paid. It was to meet this uncertainty that they adopted the same language as used in a mortgagee clause in a fire insurance policy. The value of the security in each instance is problematical and cannot be realized on until the happening of a future event, uncertain as to time. When death or fire occurs, the proceeds of the policy are to be applied to the debt then due. Judge VAN DEVANTER,

as a member of the circuit court of appeals, in Atlas Reduction Company v. New Zealand Ins. Co., 138 F. 497, 504, in discussing the meaning of the words "as their interest may appear" in fire insurance policies, which we think applies also to these policies, said: "They are plainly prospective, and refer, not to an interest existing at the time when the indorsement was written, but to such interest as may appear at the time of the loss." Assuming that, before the death of the insured, his debt had been discharged, it would be unconscionable to hold that the claim was an absolute assignment, for a fixed amount, and could be enforced whether or not any amount was due.

We have not been able to find any case exactly in point. In DeHaven's Est., 236 Pa. 146, 84 A. 676, the policy was assigned as "collateral security for indebtedness." The court held that the language meant the indebtedness existing at the time of the assignment, and that, if future indebtedness had been contemplated, words to that effect would have been used. But in that case, as well as in Barrett v. Northwestern Mut. Life Ins. Co. (Iowa), 68 N. W. 906 (1896), and Crowell v. Northwestern Nat. Life Ins. Co. (Iowa), 118 N. W. 412 (1908), the intent to secure only present indebtedness clearly appears.

In the light of the purpose which actuated the execution of these assignments, and from the language used, we think they were intended to secure any indebtedness existing when the policies became payable.

There is this further question in the appeal involving policy No. 12645, which the insured alone assigned: May the insured make a valid assignment to a creditor of an insurance policy which reserved the right to change the beneficiary, without her joinder?

We have encountered considerable difficulty in our endeavor to solve this legal point. No case has been cited, and we have been unable to find any in Pennsyl-

vania, that squarely rules it, and there is a sharp diversity of opinion in other jurisdictions.

In Brown's App., 125 Pa. 303, 17 A. 419, a policy insuring the husband named his wife beneficiary, and, in the event she failed to survive him, their children were named beneficiaries. The husband and wife joined in an assignment to Brown, whose status does not appear. The wife died first and upon the death of the husband, the proceeds of the policy were claimed by the assignee, and the children as beneficiaries. The money was awarded to the children. It is not stated in the opinion or the paper books in that case, or in Entwistle v. Travelers Ins. Co., 202 Pa. 141, 51 A. 759, that there was any reservation of right in the policy to change the beneficiary.

Barner v. Lyter, 31 Pa. Superior Ct. 435, approaches somewhat closer. The insured there had a policy on his life, his children being named beneficiaries, with the right reserved to change the beneficiary. While in prison under sentence of death, the insured executed an instrument purporting to assign to a creditor the right to all the money due or to become due under the policy. After the insured's execution, the assignee claimed the entire proceeds as a substituted beneficiary, not as an assignee. The court held that the creditor failed to comply with the insurance company's procedure for change in beneficiary, and awarded the money to the children. President Judge RICE, speaking for this court, there said (p. 440) : "In conclusion, neither the paper itself, nor the action of the insured with reference thereto, exhibits a clear intent on his part to exercise the right reserved by the terms of the policy to have his creditor substituted, eo instanti, for his children as beneficiary or to do more than to transfer such right as he could by a bare assignment. And, in the absence of such intent, it is impossible to give an assignment of the policy in payment of or as collateral security for a pre-existing

debt, the effect of a change of beneficiary in the mode provided by the policy upon the ground that equity looks upon that as done which ought to be done." The rights of the creditor as an assignee were not discussed. The case turned entirely upon his rights as an alleged beneficiary.

In Aetna Life Ins. Co. v. Phillips, 69 F. (2d) 901 (CCA 10th, 1934); Elmore v. Continental Life Ins. Co. (Kans.), 291 Pac. 755 (1930); Antley v. N. Y. Life Ins. Co. (S. C.), 137 S. E. 199 (1927); Equitable Life Ins. Co. of Iowa v. Mitchell, 248 Ill. App. 401 (1927); and Missouri State Life Ins. Co. v. California State Bank (Mo.), 216 S. W. 785 (1919), the husband, as the insured, with his wife as beneficiary subject to change, assigned the policy to a creditor to secure an indebtedness. The court held in each instance that the rights of the assignee-creditor were prior to those of the beneficiary. In Mutual Ben. Life Ins. Co. v. Swett (Mich.), 222 F. 200 (CCA 6, 1915); Taylor v. Southern Bank & Tr. Co. (Ala.), 151 So. 357 (1933); and Potter v. Northwestern Mut. Life Ins. Co. (Iowa), 247 N. W. 669 (1933), the wife-beneficiary joined in the assignment with her husband, but later claimed the proceeds of the policy on the ground that consent was obtained without consideration. The assignee's rights were held paramount to those of the wife; that her consent was unnecessary as the insured reserved the right to change the beneficiary.

In Rawls v. Penn Mut. Life Ins. Co., 253 F. 725 (165 CCA 319), the policy provided for change of beneficiary. The court, in upholding the rights of the assignee, said: "It would seem that the greater right included the lesser. If the insured could have changed the beneficiary to another person or even to his own estate, he could have assigned or incumbered the policies to secure a loan. An assignment, in fact, to secure a debt greater than the face of the policies, would have been,

in effect, a change in the beneficiary, which the policies specifically give the insured the right to make. The beneficiary could not complain if her rights had been entirely blotted out by such an assignment, and she should not be heard to complain when her rights are only partially affected by the act of the insured."

The courts of New Jersey have refused to follow this line of authorities, and have held that the rights of the assignee are subordinate to those of the beneficiary. See Anderson v. Broad Street Nat. Bank, 90 N. J. Eq. 78, 105 A. 599 (1918). In Massachusetts and New York, the rulings are a bit conflicting, but the tendency seems to be in harmony with the New Jersey decisions: Atlantic Mut. Life Ins. Co. v. Gannon (Mass.), 60 N. E. 933 (1901); Goldman v. Moses (Mass.), 191 N. E. 873 (1934); Schoenholz v. N. Y. Life Ins. Co. (N. Y.), 136 N. E. 227 (1922). In the latter case, Judges CARDOZO and POUND dissented. In these cases, the courts, generally, refused to recognize a preference to the assignee, on the theory that a beneficiary acquires a vested right, although the reasonings therein, as well as in the cases supporting the rule giving preference to an assignee, are not uniform.

The Pennsylvania cases, however, are entirely harmonious in holding that the interest of a beneficiary, where the right is reserved in the policy to make a change, is not vested, but is merely an expectancy: Knoche, Admr. v. Mutual Life Ins. Co., 317 Pa. 370, 176 A. 230; Fidelity Trust Co. v. Travelers Ins. Co., 320 Pa. 161, 181 A. 594; and that an assignment for security differs from an absolute transfer: Sommer v. New England Mut. Life Ins. Co., 21 Pa. Superior Ct. 501.

We think the better reasoning supports the rule that, where a policy holder reserves the right to change the beneficiary, his assignee has a right to the proceeds in preference to the non-joining beneficiary. This view gives the insured control over his own property in which,

the beneficiary has only an inchoate right, and that right dependent entirely upon the will of the insured. Whatever interest the beneficiary may have, he or she is not completely deprived thereof by an assignment, but is subject to the right of the creditor until the debt is paid. To require an insured to change the beneficiary, or to obtain the beneficiary's consent, when he wishes to pledge his policy for a loan, would most likely result in having the insured designate his estate as the beneficiary, so that a loan, with a policy as security, could be quickly and conveniently consummated. To hold to the contrary would, in many instances, be to the detriment of beneficiaries. The conclusion we have reached is recognized and supported by the leading textwriters. See 2 Cooley's Briefs on Insurance (2d ed.), 1805; 6 Couch, Cyc. of Insurance Law, §§5233-4; 37 C. J. 581; 14 R. C. L. 998; Note, 60 ALR 191. Several law review articles have taken a similar position: Vance, "The Beneficiary's Interest in a Life Insurance Policy;" 31 Yale L. J. 343; Note, 73 U. of Pa. L. Rev. 295; 32 Col. L. Rev. 1071; 11 N. C. L. Rev. 169.

There remains to be considered, briefly, the third issue raised: Has the wife as beneficiary of the insured preference over the creditor as assignee, under the Act of June 28, 1923, P. L. 884?

Section 1 of the Act of 1923 (40 PS §517) reads as follows: "The net amount payable under any policy of life insurance ...... upon the life of any person ,......made for the benefit of or assigned to the wife or children......of such person, shall be exempt from all claims of the creditors of such person......whether or not the right to change the named beneficiary is reserved by or permitted to such person." This act applies to general creditors of an insured's estate, and is for the purpose of protecting the proceeds of a policy payable to the widow after the insured's death; but it does not limit the powers of the insured during his

lifetime, nor may it be invoked against an assignee-creditor who attempts to realize on his security. See Fidelity Trust Co. v. Union Nat. Bank of Pittsburgh et al., 313 Pa. 467, 169 A. 209.

As the debt due the appellant at the time of the insured's death was in excess of the proceeds of the two policies, he is entitled to the entire amount thereof.

Judgments in the two appeals are reversed and are now directed to be entered for the appellant in accord-ance with this opinion.