ESTATE OF MICHAEL I. PUPIN, DECEASED, VARVARA PUPIN SMITH, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92177.   Promulgated November 22, 1938.

*Harry W. Forbes, Esq.,* for the petitioner.
*Stanley B. Pierson, Esq.,* for the respondent.

OPINION.

KERN: This proceeding involves an alleged deficiency of $2,764.90 in estate tax, of which $2,056.91 is in dispute. The facts are undisputed; and the proceeding was submitted on the pleadings without hearing, under Rule 30.

The decedent, Michael I. Pupin, died on March 12, 1935, leaving policies of insurance upon his life aggregating, with post-mortem dividends, $101,122.20, of which $50,000 was payable to Columbia University, an exempt educational institution, and $51,122.20 was payable to decedent's daughter, Varvara Pupin Smith, who became administratrix of his estate. These insurance policies were duly reported in the estate tax return filed for the estate of the decedent,

and $61,122.20 of such insurance (the amount in excess of $40,000) was included in the gross estate shown in the return.

In the deductions claimed in the return for charitable and similar gifts, the full $50,000 of insurance payable to Columbia University was included, making the net taxable insurance $11,122.20. That was the amount by which the insurance payable to the nonexempt beneficiary exceeded the statutory exemption of $40,000. The respondent held that the statutory exemption of $40,000 should be prorated and $19,778.05 thereof allocated to the insurance payable to Columbia University, thereby reducing the charitable deduction from $50,000 to $30,221.95 and increasing the net taxable estate by $19,778.05, the effect being to include $30,900.25 of the insurance in the net taxable estate, instead of $11,122.20. The additional estate tax claimed by reason of such adjustment is $2,056.91, which is the only amount in dispute.

The pertinent sections of the statute are section 302 (g) and section 303 (a) (3) of the Revenue Act of 1926, which we have set out in the margin.[1]

The question presented by this proceeding seems to have been first considered in *John E. McKelvy et al., Executors*, 31 B. T. A. 1206. In that case we approved the apportionment method followed by the respondent as outlined in E. T. 2 XII-2 C. B. 280. However, that case was reversed by the Circuit Court of Appeals in *McKelvy* v. *Commissioner*, 82 Fed. (2d) 395, and in its opinion therein the court fully considered the question involved in this case. Under the authority of that case, therefore, we find for the petitioner.

*Decision will be entered under Rule 50.*

---

[1] Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. The amount of the deduction under this paragraph for any transfer shall not exceed the value of the transferred property required to be included in the gross estate.