Entwistle *v.* Travelers Insurance Company, Appellant.

| 202 | 141 |
| d209 | 488 |
| 202 | 141 |
| 31 SC | 438 |
| 202 | 141 |
| f 34 SC | 74 |
| 202 | 141 |
| 222 | 228 |
| 222 | 229 |

*Insurance—Life insurance—Beneficiaries—" Holder."*

A policy of life insurance provided that the proceeds of the policy should be paid to the wife if she survived her husband, or in the event of her prior death to the children, but if the insured survived wife and children then to his legal representatives " the balance of the year's premiums . . . . and any other indebtedness to this company either on the part of the insured or assured, being first deducted therefrom."   Another clause was as follows: " This policy may be converted into cash at the option of the holder at any time after the expiration of fifteen years from the date hereof, for the amount indorsed on the back of this policy, corresponding to the age of the insured at the time of such conversion, provided that the policy shall have been first paid up by the payment of ten full annual premiums."   After ten full annual payments had been made and when children were living, the husband and wife joined in an assignment of the policy, and the assignee demanded the cash balance on the ground that he was the " holder" of the policy.   His demand was refused on the ground that the children had an interest.   *Held,* (1) that not only the wife, but the children of the insured were the beneficiaries or " holders" of the pol-

icy; (2) that neither the husband, nor the wife, nor both together had power to destroy the vested interest of the children in the policy; (3) that the demand of the assignee of the wife was properly refused.

Argued Feb. 11, 1902.    Appeal, No. 262, Jan. T., 1901, by defendant, from judgment of Superior Court Oct. T., 1900, No. 49, reversing judgment of Court of Common Pleas, Chester County, Aug. T., 1899, No. 86, in case of Joseph L. Entwistle, Assignee of Samuel D. Hunter and Harriet E. Hunter, v. Travelers Insurance Company.    Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ.    Reversed.

Appeal from Superior Court.

From the record it appeared that the policy in controversy provided that the defendant "does hereby insure the life of Samuel D. Hunter, hereinafter called the insured, . . . . in the sum of $3,000, for the term of his natural life, from and after the date hereof, the said sum insured to be paid at the office of the company in Hartford, Conn., to Mrs. Harriet E. Hunter, wife ; or, in the event of her prior death, to the children of said insured, said payees being hereinafter called the assured; but if the said insured shall survive the said assured, then said sum shall be paid to the legal representatives of the said insured within ninety days after due notice and proof, as hereinafter required ; that the death of said Samuel D. Hunter has taken place during the continuance of this policy . . . . the balance of the year's premium, if any, when not already paid at the beginning of the year, and any other indebtedness to this company, either on the part of the insured or assured, being first deducted therefrom."

Another clause in the policy, provided as follows: " Sixth. That this policy may be converted into cash at the option of the holder at any time after the expiration of fifteen years from the date hereof, for the amount indorsed on the back of this policy corresponding to the age (nearest birthday) of the insured at the time of such conversion, provided that this policy shall have been first paid up by the payment of ten full annual premiums, as herein stipulated."    The plaintiff holds an assignment of the policy, executed by the insured and his wife.    He claimed to recover the cash provided to be paid by the sixth clause above quoted.    The fifteen years have expired.    Ten

full annual premiums have been paid.   The wife is still living, as is the insured.   Four children of the insured are living; two of them of age, two of them minors.   The insurance company declined to pay the cash to the assignee of the wife, on the ground that the children had an interest in the policy, and had not joined in the assignment.

In common pleas the court gave binding instructions for defendant.   On appeal to the Superior Court the judgment for defendant on the verdict was reversed.

*Error assigned* was the judgment of the Superior Court.

*John G. Johnson*, with him *H. H. Gilkyson*, for appellant.— Effect can be given to the option clause of the policy only to such an extent as recognizes the rights of all persons interested therein: 1 May on Insurance (4th ed.), sec. 177.

The husband and wife were not " the holder " of the policy within the meaning of the option clause.

The debt due by Hunter, the insured, to the appellant, was a legal set-off against the amount claimed.

*J. Frank E. Hause*, with him *H. P. Waitneight*, for appellee.

OPINION BY MR. JUSTICE POTTER, March 24, 1902:

The plaintiff in this action holds by assignment the interest of the wife in the policy in suit, but she is not the sole beneficiary.   The policy is by its terms made payable to the " wife, or in the event of her prior death, to the children of the said insured."   The interest of the wife was wholly contingent upon her surviving her husband, and she could convey no greater interest in the policy than she herself had.   The interest of the children of the insured, which was created for them by the contract when the policy was issued, vested in them at the same time that the interest of the wife became vested in her.   Both interests were contingent.   If the wife die before the insured, she will take nothing under the policy.   If the insured should die before the wife, then the children take nothing under the policy.   We see no reason to discriminate between the wife and the children.   They are all payees, under the policy, and together constitute the " assured."

The contingency which will determine whether the wife, or the children as a class will take the proceeds, has not as yet happened ; all the beneficiaries are living, and nothing has occurred by which the rights of the parties are in any way changed. The provision that the policy may be converted into cash at the option of the holder does not change the relative rights of the parties.    We agree entirely with the suggestion that " holder " or " holders," as used in this connection, means those who in law are the owners of the policy, and are entitled to the rights and benefits which may accrue under it; in other words, all the beneficiaries ; in the present case, not only the wife, but the children of the insured.    If for any reason, prudence required the conversion of the policy into cash, a guardian would have no special difficulty in reasonably protecting the interest of his wards.    But however that may be, it is manifest that the option can only be exercised by those having the full legal interest in the policy, or by their assignee.    Neither the husband, nor the wife, nor both together had power to destroy the vested interest of the children in the policy.

As the plaintiff in this case holds by assignment the interest of the wife only, payment of this claim would not discharge the company from liability under the policy.    The interest of the children remains outstanding, and this interest would take all the benefits under the policy, in case of the prior death of the wife, and the survival by the children of the insured.    The trial court was therefore right in directing a verdict for the defendant.

The judgment of the Superior Court is reversed, and the judgment of the court of common pleas is affirmed.