1036

*Huddleston & Hughes,* for appellant.
*Oliver & Oliver,* for appellee.

SMITH, J. This litigation arose upon the remand of
the cause of the *Home Life Insurance Company of New
York* v. *Masterson,* 180 Ark. 170, 21 S. W. (2d) 414. As
appears from the opinion in that case, separate suits were
brought against an insurance company upon two insur-
ance policies upon the life of Gilbert Hays, which were
consolidated and tried together. One of these, a policy
for $5,000, had been assigned to S. P. Blackwood, who,
in turn, assigned it to the First National Bank as col-
lateral security for an indebtedness which Blackwood
owed the bank. The assignment to Blackwood was al-
leged to have been absolute; that to the bank as collateral,
and the suit was brought in the name of the bank.

The widow and minor child of the insured filed an
intervention, in which they alleged that the assignment
to Blackwood was not absolute, but by way of collateral,
and there was a prayer that the amount of the indebted-
ness which it secured be ascertained and paid out of the
sum recovered on the policy and that the excess be paid
to the interveners. An answer was filed to this inter-
vention, and testimony was taken as to the character of
the assignment and the extent of the indebtedness
which it secured. The court found that the insured had

assigned the $5,000 policy to Blackwood as collateral security to secure a total indebtedness of $1,648.86, which sum was ordered to be paid the bank, and that the balance due on the policy, amounting to $3,848.64, with interest, should be paid the insured's administrator for the benefit of his estate.

The decree of the trial court, holding the insurance company liable on the $5,000 policy, was affirmed by us, but the other policy sued on was held void as a wagering contract, and the decree in the consolidated cases was reversed and remanded, "with directions to render a decree in accordance with the views of this opinion, and not inconsistent with the principles of equity."

Upon the remand of the cause the suit on the policy which had been held to be a wagering contract was dismissed, and judgment was rendered on the other—the $5,000 policy—for the amount thereof with interest, as in the original decree. The court fixed an attorney's fee of 20 per cent. of the total recovery, making a fee of $1,103.50, and ordered $773.55 of this amount to be paid the attorneys for the interveners and the balance, $329.95, to be paid the attorney for the plaintiff bank, and the attorney for the bank has appealed.

Upon filing the intervention, the interveners, unasked, made common cause with the plaintiff in that suit in the assertion of the liability of the insurance company, and the interveners filed separate briefs on the appeal to this court. The right of the interveners to share in the recovery was one of the questions involved on the appeal, and was only disposed of finally in our opinion affirming the holding of the chancellor that the policy had been assigned as collateral only.

The question involved on this appeal is therefore the proper division of the attorney's fee. This fee was assessed under the authority of § 6155, C. & M. Digest, which provides that "In all cases where loss occurs, and the * * * insurance company liable therefor shall fail to pay the same within the time specified in the policy,

after demand made therefor, such company shall be liable to pay the holder of such policy, * * * all reasonable attorney's fees for the prosecution and collection of said loss; * * *.''

It is the insistence of the appellant attorney that his client, the bank, was the holder of the policy within the meaning of the statute quoted, and that the fee should not have been divided, but should all have been ordered paid to his client for his benefit.

We think, however, that this is not the proper construction of the word ''holder,'' as employed in the statute which we have quoted. The word has reference, not to custody, but to beneficial ownership, and the holder is the person, or persons, who, having the right to sue, have exercised that right successfully. *Entwistle* v. *Travelers' Ins. Co.,* 202 Pa. 141, 51 Atl. 759.

The interveners were therefore holders of the policy, as well as the bank, because they had a beneficial interest in the policy, which they enforced by their intervention.

We said, in the case of *The Mutual Life Ins. Co. of N. Y.* v. *Owen,* 111 Ark. 554, 164 S. W. 720, that it was the purpose of this statute to permit the plaintiff to procure the services of a competent attorney, or firm of attorneys, and that the statute did not contemplate the employment of two attorneys, or two firms of attorneys; in other words, that there should be a single fee, and the insurance company would not be required to pay two attorneys. That was a case in which two attorneys, not otherwise associated, prosecuted a suit on a policy to a successful conclusion, and we held that the fee should be fixed as if only one attorney, or one firm of attorneys, had been employed. Here, there was but one fee, and the question for decision is, how shall it be divided?

The court assessed the fee at 20 per cent. of the sum recovered, and divided it between the attorneys in proportion to the amounts recovered by their respective clients.

We have concluded that, in the absence of any agreement between the attorneys as to the division of the fee, it is more consonant with the statute as construed in the Owen case, *supra,* and with the principles of equity, to divide this single fee of 20 per cent. equally between the two attorneys, and the decree of the lower court will be modified accordingly and, as thus modified, will be affirmed.

