Matthews,
dissenting: I concur in the above dissent, that the gift was made in contemplation of death.
I agree with the result reached as to the insurance policies, but not for the reasons stated. Both policies at the time of decedent’s death had been assigned to the insurance company for loans. Decedent’s wife was named beneficiary in each policy and there was no right to change the beneficiary. She had a vested interest in the policy, of which she could not be divested without her consent. Entwistle v. Traveler's Ins. Co., 202 Pa. 141; 51 Atl. 759; Bank v. Hume, 128 U.S. 195.
The fact that the policy also provided that in case of beneficiary’s death prior to that of insured, the insurance was to be, paid to the executors of the insured, did not prevent the vesting in the beneficiary from being complete. In James B. Duke Estate, 23 B.T.A. 1104, in which the settlor of a trust provided in the trust deed that, if the beneficiary should predecease him, the trust res should revert to him, we said “ such possibility of reversion did not prevent the gift from being complete,” citing McCormick v. Commissioner, 283 U.S. 184. Our decision in the Duke case was affirmed by the Circuit Court of Appeals, 62 Fed. (2d) 1057, and affirmed per curiam by the Supreme Court (divided), 290 U.S. 591. .The Duke case was cited and followed in Emily King Parker et al., Trustees, 30 B.T.A. 342, with respect to an insurance policy having a similar provision in the case of an irrevocable beneficiary.
Under the terms of each policy, which are set forth in the statement of facts, loans would be made only upon legal assignment of the policy. The terms do not provide, that the insured could secure a loan upon assignment of the policy by him. It must be assumed, therefore, that the beneficiary, who had a vested interest in the policies of which she could not be divested without her consent, joined in the assignment, and for aught the record shows her consent may well have been sufficiently broad to permit the insured to surrender the policies for their cash surrender value. Until his death, therefore, the insured had control over the policies and their proceeds, and for this reason I think the proceeds are includable in gross estate.
The majority opinion interprets the provision of the policy to provide that it might be surrendered for its cash surrender value by the insured, and that the insured might borrow money and pledge, the policy. Under the terms of the policy no such powers are left in the insured alone. If such could be done at the date of his death, it was by virtue of the consent of the beneficiary to the assignment of the policies to the company for a loan, which consent, as stated above, might, for all the record shows, be broad enough to permit the *544 insured to surrender the policy. The Ballinger case, 23 B.T.A. 1312, cited in the majority opinion, is not in point, since under the policy there in question the insured specifically reserved to himself the proceeds of the cash surrender value at maturity or upon surrender during his lifetime. In the instant case, the insured did not specifically reserve such right and a loan or the. cash surrender value would be made only “ upon a legal assignment and delivery of the policy.”