## FARM BUREAU MUTUAL INS. CO. OF ARKANSAS *v.* Bruce L. SHAW

CA 80-31                              600 S.W. 2d 432

Court of Appeals of Arkansas
Opinion delivered June 11, 1980
Released for publication July 2, 1980

758

*Hodges, Hodges & Hodges*, by: *David Hodges*, for appellant.

*Harkey, Walmsley & Belew*, by: *John M. Belew*, for appellee.

DAVID NEWBERN, Judge. The circuit court held that a 12% penalty and the appellee's attorney's fee were to be paid by the appellant pursuant to Ark. Stat. Ann. § 66-3238 (Repl. 1966). The main question with which we are presented is whether an insured may be entitled to the statutory penalty and attorney's fee if the insurer has paid the claim to the insured for payment. The appellant has raised subsidiary questions which will also be addressed. We hold in favor of the appellee because the statute applies regardless whether the late payment is made to the insured or insured's mortgagee.

On August 8, 1975, the premium became due on the appellee's policy of insurance issued by the appellant covering fire loss to a large poultry house and its contents. The appellant sent a notice to the appellee that his premium was due. The wife of the appellee testified that the notice she and her husband received granted a 10-day "grace period." The parties have stipulated for purposes of this appeal, although it does not appear in the record, that an employee of the appellant testified that the notice mailed to the appellee did not extend any grace period. The appellee presented as an exhibit a premium notice, addressed to him and to the mortgagee, which said "we are extending the protection for

ten (10) days from the due date as shown." On the morning of August 18, 1975, the insured's structure and contents were totally destroyed by fire. On that same date, the appellee filed a proof of loss document with the appellant.

The poultry house and its contents were mortgaged to the Farmers Home Administratin (FHA) in an amount exceeding $29,000. The insurance policy was for a maximum amount of $24,000.

Although the appellee made no formal or written demand for payment upon the appellant, he testified that he spoke with appellant's local agent about the matter, and at one point informed the agent he planned to get a lawyer in connection with his claim. The testimony of the appellant's agent confirms that such a statement was made by the appellee. Formal demand for payment was made to the appellant by FHA on January 7, 1976. On March 12, 1976, the appellee filed suit against the appellant and named FHA as a second defendant for the purpose of assuring protection of "any interest they have in said insurance policy." The case was removed to a United States District Court upon petition for removal by FHA. On December 13, 1976, the appellant paid $24,000, the maximum coverage, to FHA. FHA then withdrew from the case and was dismissed as a defendant in the Federal Court which then remanded the case to the circuit court for Sharp County where the penalty and attorney's fee were awarded.

We agree with the appellant's position that where the policy issued to a mortgagor contains a loss payable clause in favor of a mortgagee, as in this case, the parties have effected a "pre-appropriation" of the insurance proceeds to payment of the mortgage debt. *Sureck* v. *U.. Fidelity and Guaranty Co.*, 353 F. Supp. 807 (WD Ark., 1973); *Sharp* v. *Pease*, 193 Ark. 352, 99 S.W. 2d 588 (1937). We also agree with the appellant's position that the payment of insurance proceeds to a mortgagee pursuant to such a clause when the mortgagee's interest exceeds the amount of the proceeds satisfies the obligation of the insurer to insured. However, these propositions do not address the question of liability for the statutory penalty or fee in the event payment to a mortgagee is late.

The appellant contends the appellee is prohibited from taking advantage of the statutory penalty and fee because he did not comply with that portion of the statute which requires demand upon the insurer. However, the only cases cited on this point are ones holding that formal demand is not necessary. *Phoenix Ins. Co.* v. *Fleenor*, 104 Ark. 119, 148 S.W. 650 (1912); *Metropolitan Life Ins. Co.* v. *Shane*, 98 Ark. 132, 135 S.W. 836 (1911). The appellant says these cases do not apply because the appellee did not make a demand, and because the appellee had not paid the premium. The latter contention seems relevant only to a question of coverage and thus not relevant to the question whether sufficient demand was made. The cases cited by the appellant on this point are relevant in that they provide that no "formal" demand need be made, and there was evidence in the record before us from which the court could have concluded that an informal demand was made.

We agree with the appellant's argument that an insurer should have a reasonable time to investigate the circumstances of a loss after a demand for payment has been made. *Clark* v. *New York Life Ins. Co.*, 245 Ark. 763, 434 S.W. 2d 611 (1968); *Clark Center* v. *National Life and Accident Ins. Co.*, 245 Ark. 563, 433 S.W. 2d 151 (1968). In this case, however, there is neither a contention by the appellant nor evidence in the record from which we could conclude that the reason for the delay was investigation of the claim. The reason for the delay was the inability of the appellant to come to terms with FHA with respect to the appellant's rights in the mortgaged property upon payment to FHA. The appellant expected a release or assignment of the appellee's note and mortgage to FHA upon payment ot FHA of the $24,000, FHA was understandably unwilling to release the note and mortgage which were for an amount over $29,000 upon receiving payment of only the substantially lesser figure. The problem was ultimately solved when the appellant and FHA entered a simple subrogation agreement by which the appellant became subrogated to the note and mortgage rights of FHA to the extent of the value of its payment ($24,000).

This delay was not caused by the appellee. It is equally apparent the appellee benefitted from the ultimate payment

in that its principal obligation to FHA was very substantially reduced with a concurrent reduction in interest. We find no justification for the delay in payment, as we can find no evidence showing that the appellant and FHA could not have entered their subrogation agreement on the day the loss occurred as easily as they did some sixteen months later. Even if such evidence were before us, we have been cited to no authority holding an excuse for late payment would therefore exist.

The only remaining contention of the appellant to be discussed is based upon cases which say that when an insurer has not refused to pay the claim an insurer is not liable for penalty and attorney's fee when the insured filed suit and the insurer confessed judgment and paid the amount sought by the insured. We need not review those cases here because they deal only with the demand for payment problem, and in circumstances such as those before us, we find the controlling law to be stated in *Federal Life and Casualty Co.* v. *Weyer*, 239 Ark. 663, 391 S.W. 2d 22 (1965), where the court said:

> It is well settled that attorney's fee and penalty attach if the insured is required to file suit, even though judgment is confessed before trial. Demand was made and liability under the contract established. The requirement of the statute being thus satisfied, it follows that in the absence of a showing by the insurance company that its actions come within the many exceptions to liability for the statutory penalty and attorney's fee, the judgment is affirmed. [Citations omitted, 239 Ark. at 666-667.]

None of the authorities cited by the appellant seem to come to grips with its real argument which is that the appellee should not be entitled to the penalty and fee because the appellant had no obligation to pay the appellee any money, as all of it was to go to FHA. Although it does not directly say so, the appellant would have us conclude that the appellee obtained no benefit from the payment and had no interest which should be protected by the statute. Neither of those conclusions is correct.

The trial court awarded fees to two attorneys, each of whom represented the appellee at a different time in the proceedings. The appellant complains that only one fee should have been allowed and that the fees were excessive. We need not consider these arguments as no authority is cited to support them. Nor does the appellant even refer to any evidence bearing upon its claim of excessiveness. We can find no reason to hold the fees, $1,000 and $1,500, were unreasonable. *Equitable Life Assur. Soc. of the United States* v. *Rummel*, 257 Ark. 90, 514 S.W. 2d 224 (1974).

Affirmed.