## VALLEY FORGE INSURANCE COMPANY
### *v.* Michael CARNER

82-125                                         642 S.W.2d 317

Supreme Court of Arkansas
Opinion delivered November 29, 1982

*Wright, Lindsey & Jennings,* for appellant.

*B. Richard Allen,* for appellee.

GEORGE ROSE SMITH, Justice. In March, 1981, Michael Carner's dwelling house was, according to the jury's verdict,

totally destroyed by fire. In October, 1981, Carner brought this action upon his fire insurance policy, issued by the appellant, to recover the amount of his loss, $49,600. The insurance company defended on the grounds that the loss was not total and that Carner had intentionally set the fire. Upon the jury's verdict for Carner the trial court entered judgment in his favor for $49,950, plus the statutory 12% penalty and a $15,000 attorney's fee. None of the insurer's three points for reversal can be sustained.

First, on February 12, five days before the case was to be tried before a jury and after the issues had been joined, the defendant filed a counterclaim asserting that on the preceding day it had paid $29,459.78 on two delinquent mortgages on the insured property, had taken assignments of the mortgage notes, and was entitled to foreclose the mortgages, and that the case should be transferred to equity for the foreclosures. After a hearing two days before the scheduled trial the court denied the motion to transfer.

The motion was properly denied. The insurer waited almost a year after the fire before paying off the mortgages. Under ARCP Rule 13 (d) the counterclaim could have been asserted in a separate action, because it was acquired after the issues had been joined. The eleventh-hour payments upon the notes and the motion to transfer could have been regarded by the trial court as a maneuver to avoid a jury trial rather than as a counterclaim which the insurer felt compelled to assert in the circuit court. Moreover, the jury's verdict has rendered the question moot. We find no prejudicial error.

Second, appellant argues that the amount of the mortgages was payable in any event and therefore should not have been included in the calculation of the 12% penalty. There was, however, no offer by the insurer to confess judgment for the mortgage debts. To the contrary, it took assignments and sought foreclosure. The jury's verdict for the full amount was certainly for Carner's benefit, since it exonerated him from the defense of arson and confirmed the appellant's ultimate liability for the amount of the mort-

gage debts. *See Farm Bureau Mut. Ins. Co.* v. *Shaw*, 269 Ark. 757, 600 S.W.2d 432 (Ark. App. 1980).

Third, it is argued that the $15,000 attorney's fee is excessive, primarily because plaintiff's counsel had been employed upon a one-third contingent fee contract. Admittedly, the allowance of the fee in a case of this kind should not be based on a speculative or contingent basis. *Equitable Life Assur. Society* v. *Rummell*, 257 Ark. 90, 514 S.W.2d 224 (1974). Here it was not so based. Three attorneys testified that a one-third contingent contract is reasonable in a case of this kind when the defense is arson. The insurer offered no proof to the contrary. The trial judge stated that in fixing the fee he had not considered any basis of contingency or percentage. None of the testimony at the jury trial has been abstracted; so we do not share the trial judge's advantageous position in arriving at the proper amount. We cannot say that the $15,000 fee is unreasonable.

Affirmed.