FARMERS MUTUAL INSURANCE COMPANY
OF GENTRY, Ark. *v.* Albert LANE and
Carolyn LANE

82-154                                    643 S.W.2d 544

Supreme Court of Arkansas
Opinion delivered December 20, 1982

*J. L. Hendren,* for appellant.

*Sanford, Pate & Marschewski,* by: *Jon R. Sanford,* for appellees.

RICHARD B. ADKISSON, Chief Justice. The Pope County Circuit Court held on motion for summary judgment that appellant, Farmers Mutual Insurance Company, hereinafter Company, was liable to appellees, Albert and Carolyn Lane, for a statutory 12% penalty and attorneys' fees pursuant to

Ark. Stat. Ann. § 66-3238 (Repl. 1980). The trial court held the Company had failed to make timely payment, after demand, according to the terms of a fire insurance policy in which the appellees were the named insured. On appeal, we affirm.

Although appellees were the insureds under the policy, a Mrs. Wesley Smith was named in a mortgage clause of the policy as a loss payee. This clause stated that even if the policy were cancelled, it would remain in effect as to Mrs. Smith for ten days after notice to her of any cancellation.

Mrs. Smith was a previous owner of the insured property. She had sold the property to Eddie and Joyce Snyder who in turn sold it to appellees. Both transfers were by escrow agreement with Mrs. Smith as the record title-holder of the property until the payments under the escrow agreement were completed.

The insured property was damaged by fire on September 19, 1979, and appellees demanded payment pursuant to the policy. The Company refused, contending that the policy had lapsed because of nonpayment of the premiums. Three months later appellees filed suit against the Company to force payment, naming Mrs. Smith as a defendant and requesting her rights under the policy be declared. On October 31, 1980, defendant Smith filed a cross-complaint against the Company alleging that the policy was in effect as to her interest and demanding payment in full.

In February of 1981, appellant paid Mrs. Smith the full amount of the policy plus interest. However, Mrs. Smith did not collect the 12% penalty and attorneys' fees because she had agreed with appellees that they, as the insureds under the policy, were entitled to that amount.

Appellees base their right to 12% penalty plus attorneys' fees on Ark. Stat. Ann. § 66-3238 (Repl. 1980) which provides:

> In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, surety, cyclone, tornado, life,

health, accident, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such person, firm, corporation and/or association *shall be liable to pay the holder of such policy* or his assigns, in addition to the amount of such loss, twelve percent (12%) damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; . . .

The plain wording of the statute makes the Company liable to the "holder" of such policy, the appellees herein, for 12% penalty and reasonable attorneys' fees in addition to the amount due under the policy where, as here, payment is not timely after demand is made.

Appellant argues, however, that the insureds should not have been awarded the penalty and attorneys' fees under this statute because they were no longer insured under the policy. We do not agree. The appellees were the named insureds under the policy and, as such, were entitled to have the Company make payment to the loss payee, Mrs. Smith, in accordance with the terms of the policy. This is so even though appellees' rights may have lapsed as to some other provisions of the policy. Only one policy exists in exchange for the premiums paid by the insured. It does not matter whether the actual payment under the policy is made to the insured or to the loss payee in order for the insureds to be entitled to the statutory penalty and attorneys' fees when payment by the Company is late. *Farm Bureau Mutual Ins. Co. v. Shaw*, 269 Ark. 757, 600 S.W.2d 432 (Ark. App. 1980).

Appellant argues that appellees are not entitled to the statutory penalty and attorneys' fees because the *loss payee* never "demanded" payment as required by the statute. This argument fails because the *insureds* made the necessary demand, and we know of no reason why the loss payee must also demand payment. In any event there was no offer to pay the loss payee prior to suit; the Company actually denied liability to everyone under the policy until less than three

weeks before trial when it paid the loss payee the full amount of the policy. *Cf. Valley Forge Ins. Co.* v. *Carner,* 277 Ark. 447, 642 S.W.2d 317 (1982). Here, the demand by the insureds was sufficient to put appellant on notice that it should pay in accordance with the terms of the policy.

Appellant also argues that the insureds are not entitled to the penalty and attorneys' fees because there is an insufficient relationship between Mrs. Smith, who received the insurance proceeds, and the insureds. This argument ignores the express terms of the insurance contract between the Company and the insureds whereby Mrs. Smith was named as a loss payee.

Lastly, appellant argues that the trial court erred in reconsidering appellees' motion for summary judgment after overruling it at an earlier date. The record reflects the trial court reversed himself on the motion for summary judgment after hearing argument of counsel. We find no error.

Appellees' request for allowance of $900 attorneys' fees on appeal is granted.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. In the present case the appellees' rights under the contract of insurance had expired for nonpayment of premiums. Mrs. Smith's rights as a loss payee continued beyond that date ostensibly to allow her to get a new policy or reinstate the old policy and be protected in the interim. The loss occurred during this time and payment was made by the insurance company to Mrs. Smith in the full amount of the policy plus interest. Appellees now wish to benefit from a penalty provision of the insurance code. Penalties and forfeitures are not favored in the law. *Harper* v. *Wheatley Implement Co., Inc.,* 278 Ark. 27, 643 S.W.2d 537 (1982). Neither is unjust enrichment favored by the law. *Whitley* v. *Irwin,* 250 Ark. 543, 465 S.W.2d 906 (1971).

The case of *Farm Bureau Mutual Ins. Co.* v. *Shaw*, 269 Ark. 757, 600 S.W.2d 432 (Ark. App. 1980), cited by the majority, is a very different situation than the one presently before us. The insureds in *Shaw* had received a premium notice extending their protection for ten days from the due date of the premium and the loss occurred within this time. The present appellees received no such extension and were in fact not covered by the policy.

In *Farm Bureau Insurance Co.* v. *Paladino*, 264 Ark. 311, 571 S.W.2d 86 (1978), this court stated: "We have consistently held that the 12% penalty and attorney's fee, as provided for in Ark. Stat. Ann. § 66-3238 (Repl. 1966), can only be awarded when the exact amount sued for is recovered." In the case before us, the appellees had no standing to sue under the contract and, indeed, were not entitled to recover a single penny from the insurance company. How the majority can award a penalty and attorney's fees to one who could not recover any amount anyway is utterly beyond me. Therefore, I would not allow the penalty or the attorney's fees to be paid to appellees.