## NEWCORT FINANCIAL, INC. *v.*
## CANAL INSURANCE COMPANY

CA 98-1516 1 S.W.3d 452

Court of Appeals of Arkansas
Division II
Opinion delivered October 6, 1999
[Petition for rehearing denied November 10, 1999.]

*Barrett & Deacon*, by: *D. P. Marshall Jr.* and *James D. Bradbury*, for appellant.

*Ledbetter, Hornberger, Cogbill, Arnold & Harrison*, by: *Rebecca D. Hattabaugh*, for appellee.

JUDITH ROGERS, Judge. The appellant, Newcourt Financial, Inc., is a financial institution that loaned money to Mike Fisher for the purchase of a commercial truck. The truck was insured by appellee, Canal Insurance Co. The insurance policy named appellant as a payee under the policy and specified that appellant's interest "shall not be invalidated by an act or neglect" of Fisher. Less than a year after Fisher purchased the truck, it overturned on I-40 in Oklahoma and burned. Appellee accused Fisher of arson and refused to pay on the policy. Appellee filed an action for declaratory judgment in the Crawford County Circuit Court seeking a declaration that it owed no payment to either Fisher or Newcourt. Newcourt filed a counterclaim alleging that Canal was in breach of the contract and seeking the policy proceeds plus a twelve percent penalty, interest, and attorneys' fees under Arkansas Code Annotated section 23-79-208 (Repl. 1992) as well as attorney's fees under Arkansas Code Annotated section 23-79-209 (Repl. 1992); Fisher filed only an answer.

After a jury determined that there was no arson, the trial court entered a declaratory judgment that insurance coverage existed and awarded Newcourt and Fisher the proceeds under the policy as their interests allowed. Fisher still owed $109,000 to Newcourt Financial. The liability limits of the insurance policy were $94,000 minus a $1,000 deductible. The value of the truck was stipulated to be $80,000. Consequently, all of the proceeds under the policy were payable to Newcourt Financial.

The trial court also awarded counsel for Fisher attorney's fees under section 209, but held that Canal "is not obligated to pay attorney's fees to the loss payee, Newcourt Financial, Inc. pursuant to Arkansas Code Annotated section 23-79-209." The Court was silent as to section 208 and made no specific ruling as to appellant's counterclaim. Canal tendered a check into the court's registry for $79,000 plus interest to cover its obligation to Newcourt.

The judgment of the Circuit Court was entered on August 31, 1998. On September 14, 1998, Newcourt filed a motion to amend the judgment, requesting specific findings of fact and conclusions of law from the court. Newcourt also recognized that the Court failed to make a finding as to its counterclaim, and requested that the court do so. The court denied the motion to amend judgment in an order filed September 23, 1998, again making no ruling on the counterclaim. Newcourt filed a notice of appeal on October 2, 1998.

Appellant contends on appeal that the circuit court erred in not awarding Newcourt the statutory penalty, prejudgment interest, and reasonable attorneys' fees.[1] Appellee contends that this court does not have jurisdiction over this matter because Newcourt did not file a timely notice of appeal and that Newcourt is not entitled to remedy under section 208 because this is an action for declaratory judgment subject only to the remedies of Arkansas Code Annotated section 23-79-209.

## Jurisdiction of the Court

■ In *Home Mutual Fire Insurance Company v. Hampton*, 336 Ark. 522, 986 S.W.2d 93 (1999) the supreme court stated:

Rule 4(a) of the Arkansas Rules of Appellate Procedure—Civil provides that a notice of appeal shall be filed within thirty days

---

[1] Appellant also argues on appeal that it would have been entitled to recovery under the policy even if the jury had determined that the truck was destroyed by arson. We do not address this issue as it is moot. The jury found that no arson had occurred; it is irrelevant what Newcourt's rights would have been had arson been determined. *Cf. Bendinger v. Marshalltown Trowell Co.*, 338 Ark. 410, 994 S.W.2d 468 (1999); *McFarland v. State*, 337 Ark. 386, 989 S.W.2d 899 (1999).

from the entry of judgment. Rule 4(b) provides for an extension of the thirty-day period in certain circumstances:

> Upon timely filing in the trial court of a motion for judgment notwithstanding the verdict under Rule 50(b), of a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), or of a motion for a new trial under Rule 59(b), the time for filing notice of appeal shall be extended as provided in this rule.

Thus, to extend that time for filing a notice of appeal, under Rule 4(b), one or more of the enumerated posttrial motions must be timely filed in the trial court. Rules 50(b) and 59(b) provide that motions for judgment notwithstanding the verdict and for new trial must be filed not later than ten days after judgment is entered. Because the time period prescribed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. *See* ARCP Rule 6(a).

■ Rule 52(b) also allows ten days after judgment for the filing of a motion to amend judgment. Therefore, the rule expressed above applies. Judgment was entered on August 31, 1998. Motion for amended judgment was filed on September 14, 1998. Excluding weekends and holidays, Newcourt filed its motion for amended judgment within the ten days prescribed by the rule. Newcourt then had thirty days to file a notice of appeal from the date the order denying the motion to amend was entered, which in this case was September 23, 1998. Ark. R. App. P.—Civil 4(c). Newcourt filed its notice of appeal on October 2, 1998, well within the thirty-day time limit.

*Remedy Under Ark. Code Ann. § 23-79-208*

Arkansas Code Ann. § 23-79-208 states:

> (a) In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, surety, cyclone, tornado, life, health, accident, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association liable therefor shall fail to pay the losses within the time specified in the policy, after demand made therefor, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his assigns, in addition to the amount of the loss, twelve per-

cent (12%) damages upon the amount of the loss, together with all reasonable attorneys' fees for the prosecution and collection of the loss.

The appellee argues that section 208 does not apply to the case at hand because this case was filed as an action for declaratory judgment and is therefore governed by Arkansas Code Annotated section 23-79-209 which provides that an insured who successfully defends a declaratory judgment action filed by an insurance company may recover all reasonable attorneys' fees.

Appellee's argument is not supported by the law. The appellant filed a counterclaim in this matter asserting its right to payment under the policy and seeking a judgment for the amount of the policy proceeds. The Arkansas Supreme Court has held that there is nothing in section 208 which prevents the award of penalty and attorneys' fees in a counterclaim. *Home Ins. Co. v. Crawford*, 251 Ark. 843, 475 S.W.2d 889 (1972). Therefore, if the appellant prevailed on the counterclaim, section 208 applies regardless of the fact that the original action by appellee was in the form of a declaratory judgment.

However, in order to prevail on the claim for section 208 penalties, all other provisions of the statute must be met. Specifically, there must be (1) a loss, (2) failure to pay under the policy after demand is made, and (3) a judgment against the insurer. If all of these conditions have been satisfied, then the insurer is liable to "the holder of the policy or his assigns." Ark. Code Ann. § 23-79-208.

Section 208 specifically states that the appellee is liable only to *the holder of the policy or his assigns*. The lower court determined that Mike Fisher was "the named insured and *holder of the policy.*" Fisher did not file a counterclaim in this matter and thus was not eligible for penalties under section 208. However, the trial court did award attorney's fees to Fisher under section 209 which pertains to insureds who successfully defend against declaratory judgment. The court then expressly denied Newcourt attorney's fees under section 209 and did not award any section 208 remedies.

Appellee relies upon *Farmers Mutual Ins. Co. v. Lane*, 278 Ark. 53, 643 S.W.2d 544 (1982), to support its argument that a

loss payee is not a "holder of the policy" for purposes of section 208. In *Farmers Mutual*, the named insureds [the Lanes] had not paid their premium, so their coverage lapsed. But the loss-payee clause of the policy extended the loss payee's [Ms. Smith's] coverage for ten days beyond any cancellation of the named insured's policy. The loss occurred during that ten-day period. The insurer denied coverage. The Lanes filed suit demanding payment and asking that Ms. Smith's rights as loss payee under the policy be declared. The insurer eventually paid Ms. Smith in full, but she and the Lanes agreed that the Lanes were entitled to the section 208 penalties because they were the named insured and she was only the loss payee. The insurer challenged the award of penalties to the Lanes because their policy had expired at the time of the loss and they were not entitled to any recovery for the loss. Our supreme court stated:

> The plain wording of the statute makes the Company liable to the "holder" of such policy, the appellees herein, for 12% penalty and reasonable attorneys' fees in addition to the amount due under the policy where, as here, payment is not timely after demand is made.

> Appellant argues, however, that the insureds should not have been awarded the penalty and attorneys' fees under this statute because they were no longer insured under the policy. We do not agree. The appellees were the named insureds under the policy and, as such, were entitled to have the Company make payment to the loss payee, Mrs. Smith, in accordance with the terms of the policy. This is so even though appellees' rights may have lapsed as to some other provisions of the policy. Only one policy exists in exchange for the premiums paid by the insured. It does not matter whether the actual payment under the policy is made to the insured or to the loss payee in order for the insureds to be entitled to the statutory penalty and attorneys' fees when payment by the Company is late. *Farm Bureau Mutual Ins. Co. v. Shaw*, 269 Ark. 757, 600 S.W.2d 432 (Ark. App. 1980).

*Id.*, 278 Ark. at 56. Although the court held that the named insured was entitled to the section 208 penalties under those circumstances, it did not specifically address whether or not the loss payee could ever be a holder of the policy because the named insured and the loss payee had agreed that it would be the named

insured who pursued the penalties. This case presents the opposite situation. The named insured did not make a claim for section 208 penalties, the loss payee did. *Lane* does not address this situation.

■ Appellant relies upon the case of *Dalrymple v. Royal-Globe Ins. Co.*, 280 Ark. 514, 659 S.W.2d 938 (1983), for the authority that a standard loss-payee clause like the one at issue here creates an independent contract for insurance coverage between the loss payee and the insurer. *Dalrymple* dealt with the issue of whether a loss payee was immune from suit by the insurer under the theory that an insurer cannot sue its own insured. Our supreme court held that for purposes of immunity from suit, the loss payee was not an insured party. *Dalrymple* does state conclusively, however, that a loss payee is entitled to enforce his right to payment under the policy. The court reasoned that:

> 5A J. Appleman, *supra*, 3401 (1970), states that when a policy contains a standard mortgage clause it is considered that, "the insurer has entered into a separate contract with mortgagee just as if the latter had applied for insurance entirely independent of the mortgagor." But there is no authority for the proposition that a loss payee is an insured for all purposes. *A loss payee is entitled to enforce his right to payment for property loss against the insurer*, but there the right ends; it does not grant immunity to a loss payee that causes the loss.

*Id.*, 280 Ark. at 516 (emphasis added).

In *Huddleston v. Home Life Insurance Co. Of New York*, 182 Ark. 1036, 34 S.W.2d 221 (1931), an action was brought against the insurance company to collect on two separate policies. One of the policies was invalidated as an illegal wagering contract. The other policy, however, was upheld against the insurance company. That policy had been assigned by the named insured to S.P. Blackwood as collateral for a debt. Blackwood assigned the same policy to a bank as collateral for his own debt. The original action against the insurance company was brought by the bank. The widow and child of the insured filed an intervention as beneficiaries. *Id.* Our supreme court ordered the division of statutory penalties between the bank (assignee) and the interveners (beneficiaries), stating:

The question involved on this appeal is therefore the proper division of the attorney's fee. This fee was assessed under the authority of 6155, C. & M. Digest, which provides that "In all cases where loss occurs, and the . . . insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, . . . all reasonable attorney's fees for the prosecution and collection of said loss; . . . ."

It is the insistence of the appellant attorney that his client, the bank, was the holder of the policy within the meaning of the statute quoted, and that the fee should not have been divided, but should all have been ordered paid to his client for his benefit.

We think, however, that this is not the proper construction of the words "holder," as employed in the statute which we have quoted. The word has reference, not to custody, but to beneficial ownership, and *the holder is the person, or persons, who, having the right to sue, have exercised that right successfully. Entwistle v. Travelers' Ins. Co.*, 202 Pa. 141, 51 Atl. 759.

*Id.*, 182 Ark. at 1037-38 (emphasis added).

■ ■ There is no doubt that Newcourt is entitled to sue under the policy in this case and has done so successfully. *Huddleston, supra,* provides that a "holder" of a policy is one with the right to sue for enforcement of the policy. *Dalrymple, supra,* provides that a loss payee is an "insured" to the extent that it has the right to sue for enforcement of the policy. Therefore, reading the caselaw as a whole, it is apparent that the appellant in this case is a holder who can recover penalties and fees under section 208. Some caselaw from the Eighth Circuit Court of Appeals holds differently; however, Arkansas law is clear and binding.

Appellee also argues that Newcourt is not entitled to recover under section 208 because it made no demand for payment. *Farmers Mutual Ins. Co. v. Lane*, 278 Ark. 53, 643 S.W.2d 544 (1982), states:

Appellant argues that appellees are not entitled to the statutory penalty and attorneys' fees because the loss payee never "demanded" payment as required by the statute. This argument fails because the insureds made the necessary demand, and we know of no reason why the loss payee must also demand pay-

ment. In any event there was no offer to pay the loss payee prior to suit; the Company actually denied liability to everyone under the policy until less than three weeks before trial when it paid the loss payee the full amount of the policy. *Cf. Valley Forge Ins. Co. v. Garner*, 277 Ark. 447, 642 S.W.2d 317 (1982). Here, the demand by the insureds was sufficient to put appellant on notice that it should pay in accordance with the terms of the policy.

*Id.*, 278 Ark. at 56-57.

■ There is also no requirement that formal demand be made. It is sufficient to show that the insurer was put on notice that payment under the policy was due. *Farm Bureau Mutual Ins. Co. v. Shaw*, 269 Ark. 757, 760, 600 S.W.2d 432 (Ark. App. 1980). In the instant case, it is not disputed that the appellee was placed on notice that payment under the policy was due. Fisher made a demand for payment and the appellee filed an action for declaratory judgment against both Fisher and Newcourt seeking to avoid liability under the policy. Demand was made sufficiently to place the appellee on notice that payment was due under the policy, and the fact that the appellee joined Newcourt as a defendant in its declaratory judgment action demonstrates its awareness that payment was due to Newcourt.

Appellee finally argues that Newcourt is not entitled to a remedy under section 208 because the matter rests within the discretion of the trial court. In *Equitable Life Assurance Society v. Rummell*, 257 Ark. 90, 91-92, 514 S.W.2d 224 (1974), the supreme court considered a similar situation where it stated:

> The purpose of the statute is to permit an insured to obtain the services of a competent attorney and the amount of the allowance should be such that well prepared attorneys will not avoid this class of litigation or fail to devote sufficient time for thorough preparation. *Old Republic Insurance Co. v. Alexander*, 245 Ark. 1029, 43 S.W.2d 829. It is contemplated that the allowance should not be a speculative or contingent fee but that it be such a fee as would be reasonable for a litigant to pay his attorney for prosecuting such a case. *Old Republic Insurance Co. v. Alexander, supra.*

The supreme court relied on the *Rummell* case in *Southall v. Farm Bureau Mutual Insurance Co. of Arkansas, Inc.*, 283 Ark. 335, 337, 676 S.W.2d 228 (1984), when it stated:

> The Legislature, not the courts, enacted Ark. Stat. Ann. 66-3238 (Repl. 1980) providing for an award of a reasonable attorney's fee against an insurer who wrongfully refuses to pay under an insurance policy. Our task is simply to carry out this legislative command. The computation of allowable attorneys' fees under the statute is governed by familiar principles. These factors include the experience and ability of the attorney and the time and work required of him, the amount involved in the case and the results obtained, the fee customarily charged in the locality for similar legal services and whether the fee is fixed or contingent.

 The award of an attorney's fee is a matter for the sound discretion of the trial court and, in the absence of abuse, its judgment will be sustained on appeal. *Southhall*, 283 Ark. at 338. *Arkansas Blue Cross & Blue Shield v. Remagen*, 25 Ark. App. 96, 101–02, 752 S.W.2d 284 (1988). While courts should be guided by these factors, we have consistently held there is no fixed formula to be used in determining the reasonableness of a fee. *New Hampshire Ins. Co. v. Quilantan*, 269 Ark. 359, 601 S.W.2d 836 (1980); *Federal Life Insurance Company v. Hase*, 193 Ark. 816, 102 S.W.2d 841 (1937).

 Section 208(b) states that the "attorney's fee *shall* be taxed by the court where the same is heard on original action, by appeal or otherwise, and *shall* be taxed up as a part of the costs therein . . . ." (Emphasis added.) Although only one attorney's fee can be awarded under the statute, the court can divide the attorney's fee among the parties as it sees fit. *See Huddleston, supra.* "The allowance of fees by the trial court must be affirmed unless the appellant demonstrates, or the record shows, that the allowance is excessive, inadequate or unreasonable." *Farm Bur. Mut. Ins. Co. v. Kizziar*, 1 Ark. App. 84, 88, 613 S.W.2d 401 (1981). The trial court awarded only one attorney's fee of $3,300 in this matter to Fisher. This was based upon the one week of work that Fisher's final attorney billed. However, evidence demonstrates that Fisher's legal aid attorney and counsel for Newcourt worked on this case for more than a year. In view of the complexity of the

case considering the nature of the accusation, the interpretation of the original contract for insurance, and the number of expert witnesses involved, the trial court should have considered Newcourt's application for attorneys' fees. We remand so that the court may revisit the issue of attorneys' fees.

██ Newcourt has satisfied all of the requirements of Arkansas Code Annotated section 23-79-208. The appellee is hereby directed to pay to Newcourt Financial, Inc., the policy proceeds plus interest and an amount equal to twelve percent of the proceeds due under the policy. We remand so that the trial court can enter an order consistent with this opinion and set reasonable attorney's fees in light of all of the evidence presented, divided as equity demands between Fisher and Newcourt Financial, Inc.

Reversed and remanded.

MEADS and ROAF, JJ. agree.